UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.  0:18-CV-60192

CHRISTOPHER GREGG, DIANE GREGG, and
TRAVELPATH CANADA LIMITED, a Canadian
Corporation,

       Plaintiffs,

vs.

IRA A. SOLOMON, HELENE SOLOMON,
CAROL DUDLEY, JILL SHAPIRO, RICK
SICILIA, BALISTRERI REALTY, INC., a
Florida Corporation, VORDERMEIER
MANAGEMENT COMPANY, d/b/a VMC
Realty, a Florida Corporation and BAY
COLONY PROTECTIVE ASSOCIATION, INC.,
a Florida Corporation.

       Defendants.
_____/

## MOTION TO DISMISS COUNTS II, III, IV, V, VI, VII and VIII OF PLAINTIFFS' SECOND AMENDED COMPLAINT BY DEFENDANTS, CAROL DUDLEY, RICK SICILIA and BALISTRERI REALTY, INC. AND INCORPORATED MEMORANDUM OF LAW

The Defendants, CAROL DUDLEY, RICK SICILIA and BALISTRERI REALTY, INC.

(collectively "Defendants"), by and through the undersigned counsel, and pursuant to *Fed. R.*

*Civ. P.* 12(b)(6), file this Motion to Dismiss Counts II, III, IV, V, VI, VII and VIII of the Second

Amended Complaint[1] and Incorporated Memorandum of Law.  Defendants contend that this ac-

_____

[1] Defendants hereinafter may also refer to "Second Amended Complaint" as "SAC".

1

tion against them is barred by the two-year statute of limitations for professional malpractice (despite being couched as causes of action for breach of fiduciary duty, negligence and negligent misrepresentation), fails to allege any legally recognized duty other than those imposed under Chapter 475, Florida Statutes, or alternatively, that Plaintiffs expressly agreed in the purchase contract not to rely upon Defendants for verification of facts that materially affect the value of the property.

## THE ALLEGATIONS OF THE AMENDED COMPLAINT

The Plaintiffs have filed a Second Amended Complaint alleging, in part, that Defendants, CAROL DUDLEY, RICK SICILIA and BALISTRERI REALTY, INC., improperly performed real estate brokerage services on their behalf, causing Plaintiffs to incur damages.  Specifically, Counts II and V allege that CAROL DUDLEY violated her professional duty to exercise skill, care and diligence pursuant to Chapter 475, Florida Statutes as to Plaintiffs.  Counts III and VI allege that RICK SICILIA, as an employee of BALISTRERI REALTY, INC., violated a duty to exercise reasonable care toward the Plaintiffs with regard to the real estate transaction.  Counts IV and VII allege that BALISTRERI REALTY, INC. is vicariously liable for the professional negligence of its employee, RICK SICILIA.  Count VIII alleges negligent misrepresentation against CAROL DUDLEY based upon a violation of her professional duties pursuant to Chapter 475, Florida Statutes.  These allegations, while purporting to be expressed as causes of action for breach of fiduciary duty, negligence and negligent misrepresentation, all actually allege professional malpractice on the parts of Defendants, CAROL DUDLEY, RICK SICILIA and BALISTRERI REALTY, INC.

2

More specifically and relevant to the argument *infra*, Plaintiff has pled the following allegations:

- CAROL DUDLEY was the real estate broker and/or sales associate representing Plaintiffs in connection with their purchase of the subject property. (SAC, ¶¶6, 43)

- CAROL DUDLEY and RICK SICILIA knew or should have known that Plaintiffs needed all HOA rules, requirements and restrictions, particularly as they pertain to renting the subject property, and that Plaintiffs would not go forward with the closing or purchase of the property without same. (SAC, ¶18)

- CAROL DUDLEY failed to provide Plaintiffs with the full HOA documents prior to the closing, and failed to make a reasonable investigation or inquiry to determine whether or not there existed any HOA Rules which would preclude Plaintiffs from engaging in short-term and/or vacation rentals of the subject property as they intended. (SAC ¶47)

- RICK SICILIA, as an employee of BALISTRERI REALTY, INC., failed to provide Plaintiffs with the full HOA documents prior to the closing, and failed to make a reasonable investigation or inquiry to determine whether or not there existed any HOA Rules which would preclude Plaintiffs from engaging in short-term and/or vacation rentals of the subject property as they intended. (SAC ¶¶53, 70)

- On or about June 15, 2015 Plaintiffs CHRISTOPHER GREGG and DIANE GREGG assigned their rights regarding the subject real estate purchase to Plaintiff

3

TRAVELPATH CANADA LIMITED. (SAC, ¶32)

- In **August, 2015**, approximately two months after Plaintiff TRAVELPATH CANADA, LIMITED closed on its purchase of the subject property, Plaintiffs received a copy of the Bay Colony Rules and learned of a rule which effectively precluded them from using the property for short-term and/or vacation rentals as they intended. (SAC, ¶26)

- The purchase of the property would not have been consummated, nor would Plaintiffs have spent money on significant expenditures for the property, had they been provided the Bay Colony Rules prior to the closing. (SAC, ¶30)

- CAROL DUDLEY had a professional duty under 425.278(2) to exercise skill, care and diligence with respect to the subject transaction. (SAC  ¶¶46, 81[2])

- CAROL DUDLEY and RICK SICILIA breached their respective professional duty to Plaintiffs by failing to exercise skill, care and diligence to discover and/or disclose the HOA rule which precludes Plaintiffs from engaging in short-term and/or vacation rentals of the subject property. (SAC, ¶¶ 46, 55, 65, 73, 81[3], )

- Plaintiffs suffered damages as a result of CAROL DUDLEY and RICK SICILIA's breach of professional duty to exercise skill, care and diligence. (SAC, ¶¶49, 56, 67, 75, 85, 86)

Despite being couched as causes of action for breach of fiduciary duty, negligence and negligent misrepresentation, in actuality the Complaint alleges that CAROL DUDLEY, RICK

---

[2] In ¶81, Plaintiffs incorporate ¶46 into Count VIII.

[3] In ¶81, Plaintiffs incorporate ¶46 into Count VIII.

SICILIA and BALISTRERI REALTY, INC. committed professional malpractice in their duties as the agent/broker of Plaintiffs. In fact, the gravamen of the Second Amended Complaint is that Defendants, CAROL DUDLEY, RICK SICILIA and BALISTRERI REALTY, INC., failed to properly represent and protect Plaintiffs' interests in the property transaction at issue by conveying incomplete information regarding potential restrictions on the use of the subject property provided to them by the seller's agent. Such charges are the essence of professional malpractice. See, *Black's Law Dictionary, Abridged Fifth Edition, copyright 1983, West Publishing Company* (Malpractice is defined as a "[f]ailure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss or damage to the recipient of those services or to those entitled to rely upon them. It is any professional misconduct, unreasonable lack of skill or fidelity in professional or fiduciary duties, evil practice, or illegal or immoral conduct."); *Merriam-Webster's Collegiate Dictionary, Tenth Edition, copyright 1999, Merriam-Webster, Incorporated* (Malpractice is a dereliction of professional duty or a failure to exercise an accepted degree of professional skill or learning by one (as a physician) rendering professional services which results in injury, loss, or damage).

## STANDARD OF REVIEW

Pursuant to *Fed. R. Civ. P.* 12(b)(6), a motion to dismiss will be granted if the Plaintiff fails to state a claim for which relief can be granted. In pleading a proper lawsuit, Plaintiff must state "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true

all factual allegations in the Complaint.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.  A Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd of Educ. v. Marshall Cnty Gas Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993)

A party is permitted to use a Rule 12(b)(6) motion to dismiss as a vehicle to challenge a complaint on statute of limitations grounds.  *Lesti v. Wells Fargo Bank, N.A.*, 960 F.Supp. 2d 1311, 1316-17 (M.D. Fla. 2013).  "A Rule 12(b)(6) motion to dismiss on statute of limitations grounds may be granted…if it is apparent from the face of the complaint that the claim is time-barred." *Id*. See also *LaGrasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

This is a diversity action, therefore, the court "must apply the law of the forum state, including the statute of limitations." *Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988)

<u>**THE STATUTE OF LIMITATIONS**</u>

**a.   The two-year professional malpractice statute of limitations applies to all causes of action based upon a breach of a professional duty.**

§95.11(4)(a), Fla.Stat. (1999) provides that the statute of limitations for professional malpractice, other than medical malpractice, **whether founded on contract or tort**, is two years

6

from the date the cause of action is discovered or should have been discovered with the exercise of due diligence; provided, however, that the limitation of actions for professional malpractice is limited to persons in privity with the professional.  Additionally, §475.01(1)(j) and §475.01(1)(a), Fla.Stat. (1994), respectively, provide that a real estate sales associate and a real estate broker each renders a professional service and is a professional within the meaning of §95.11(4)(a).

The Second Amended Complaint unequivocally alleges that CAROL DUDLEY was at all times material, a licensed real estate broker and/or agent representing Plaintiffs in connection with the purchase of the subject property. (SAC, ¶¶ 6, 43, 44, 63, 81).  The Second Amended Complaint further alleges that RICK SICILIA was an employee of BALISTRERI REALTY, INC., and in his capacity as a manager at BALISTRERI REALTY, INC., owed a professional duty of due care in regards to facilitating the subject real estate transaction on behalf of BAL-ISTRERI REALTY, INC. and, as his employer, BALISTRERI REALTY, INC. is vicariously liable for his actions. (SAC, ¶¶8, 52, 53, 58, 59, 69, 77, 78)

A real estate broker is statutorily defined as a person who, for compensation, directly or indirectly, negotiates a sale of real property for another.  Moreover, Florida statutes clearly states that "[a] broker renders a professional service and is a professional within the meaning of s. 95.11(4)(a)."  See Sec. 475.01(1)(a), Fla. Stat.  Similarly, Florida statutes define a real estate sales associate as "a person who performs any act specified in the definition of "broker," but who performs such act under the direction, control, or management of another person. A sales associate renders a professional service and is a professional within the meaning of s. 95.11(4)(a)."  See Sec. 475.01(1)(j), Fla. Stat.

For Plaintiffs to sufficiently plead a cause of action, they must establish a duty. Taken in light of the totality of the allegations, it is clear that the duty of the claims asserted are is based upon the professional responsibilities imposed upon Defendants through their representation of Plaintiffs in a real estate transaction. Such professional duties are established under Chapter 475, Florida Statutes. The Second Amended Complaint fatally fails to allege that BALISTRERI RE-ALTY, INC. was a licensed real estate broker representing Plaintiffs in connection with the purchase of the subject property, yet relies upon those very duties to support their causes of action and documents (See Exhibit A and Exhibit D[4]) showing that they were in fact the Plaintiffs' real estate agent/broker for the transaction. Therefore, to the extent such allegation can be inferred from the Second Amended Complaint, it is accepted as true for purposes of this Motion to Dismiss. Thus, the two-year statute of limitations set forth in §95.11(4)(a) applies to claims for professional malpractice against real estate sales associate CAROL DUDLEY, the manager of real estate broker, RICK SICILIA, and real estate broker BALISTRERI REALTY, INC.

On its face, the Second Amended Complaint explicitly states that Plaintiffs discovered the facts giving rise to the cause of action and thus learned of the Rule that would effectively preclude them from using the property for short-term and/or vacation rentals on August 19, 2015, and at minimum by September 2015. (SAC, ¶¶ 22, 23, 26, 29) This action was filed on January 29, 2018, more than two years after the cause of action admittedly was discovered, therefore, it is barred by the statute of limitations as a matter of law. The Court does not need to look beyond the face of the Complaint to determine that these claims are time-barred.

---

[4] Exhibit D to the SAC is the settlement statement for the subject real estate transaction and shows the real estate broker commissions paid, including to Balistreri Realty.

In an analogous case involving claims of breach of contract, negligence, gross negligence and fraud brought against a real estate appraiser,[5] the two-year professional negligence statute of limitations was applied pursuant to a motion to dismiss, and the case was dismissed with prejudice. *Carrington Capital Mgt., LLC v. Carr,* 2:15-CV-14191H, 2015 WL 6865750 (S.D. Fla. Nov. 9, 2015) See also, *Carrington Capital Mgt., LLC v. Wallace,* 8:15-CV-1406, 2016 WL 6778883 (M.D. Fla. Nov. 16, 2016) Similarly, in the instant action, the claims against CAROL DUDLEY, RICK SICILIA and BALISTRERI REALTY, INC. are all based on the failure of a professional acting within his/her professional capacity pursuant to Chapter 475, Fla. Stat., including using "skill, care, and diligence in the transaction." (Amended Complaint, ¶¶ 6, 8, 43, 44, 52, 53, 58, 59, 63, 69, 77, 78, 81) [6]

In *Carrington Capital Management, LLC v. Carr*, 2:15-CV-14191H, 2015 WL 6865750 (S.D. Fla. Nov. 9, 2015) the court considered a motion to dismiss counts for breach of contract, negligence, gross negligence, and fraud against a property appraiser.  The appraisal at issue was dated on March 25, 2005 and the property was sold for a loss in a short sale six years later on September 29, 2011.  After the short sale, Carrington Capital Management LLC was assigned the rights regarding the actions of the appraiser and alleged to have discovered errors in the appraisal and subsequently initiated a lawsuit on May 28, 2015.  The court concluded that the two-year statute of limitations set forth in 95.11(4)(a) applied because the various contract and tort claims

---

[5] Similar to a real estate broker, duties of a real estate appraiser are set forth in Part II of Chapter 475, Fla. Stat. and an appraiser is statutorily considered a professional within the meaning 95.011(4)(a).

[6] While Plaintiffs do not specifically cite Chapter 475 in Counts III, IV, VI, VII and VIII, each sets forth a breach of duty based on a failure to know and/or disclose material facts about the rental restrictions on the property.  Such duties are encompassed within the duties set forth in 475.278, Fla. Stat., such as dealing honestly and fairly; using skill, care, and diligence in the transaction; and disclosing all known facts that materially affect the value of residential real property and are not readily observable to the buyer.

asserted were all "***based upon the failure of a professional acting within his professional capacity***" and "***but for Defendant's alleged professional malpractice, Plaintiff would not have a cause of action under any theory***." *Carr*, at 4.  Subsequently, in the case of *Carrington Capital Management, LLC v. Wallace*, filed in the Middle District of Florida, the Court analyzed a similar case at the summary judgment stage.  In *Wallace*, the court also determined that the professional negligence two-year statute of limitations applied and granted summary judgment, notwithstanding the counts of the complaint having being stated as other than for professional malpractice. *See e.g.*, *Carrington Capital Mgt., LLC v. Wallace,* 8:15-CV-1406, 2016 WL 6778883 (M.D. Fla. Nov. 16, 2016)

The language of §95.11(4)(a), Fla.Stat., §475.01(j), Fla.Stat., and §475.01(a), Fla.Stat., is clear and unambiguous.  "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *Holly v. Auld, 450 So.2d 217*, (Fla. 1984); *Donato v. American Tel. & Tel. Co.*, 767 So.2d 1146 (Fla. 2000); *Metropolitan Dade County v. Milton*, 707 So.2d 913 (Fla. 3rd DCA 1998).  §95.11(4)(a), Fla.Stat. provides that the two-year statute of limitations applies to ***all*** claims for professional malpractice, ***whether founded on contract or tort***.  Also, §475.01(j) and §475.01(a), Fla.Stat., respectively, provide that real estate sales associates and brokers provide a professional service within the meaning of §95.11(4)(a).   The clear and unambiguous language of these statutes, when taken together, clearly applies to the facts of the instant case and establishes that the Plaintiffs' claims asserted against CAROL DUDLEY, RICK SICILIA and BALISTRERI REALTY,

10

INC. are subject to the two-year professional negligence statute of limitations.  Given that Plaintiff has specifically alleged knowledge of the professional negligence in August or September, 2015, the claims asserted in counts II, III, IV, V, VI, VII and VIII are time-barred.

>   **b.  If there is a conflict on which statute of limitations applies, Florida law requires that the more specific one must prevail.**

Notwithstanding the foregoing, even if the Court determines that the two-year professional malpractice statute of limitations and the four-year statute of limitations both seem to apply to the facts of this case, the shorter, more specific statute will prevail.  In *Sheils v. Jack Eckerd Corp.*, 560 So.2d 361 (Fla. 2d DCA 1990), the defendant pharmacy erroneously prepared a label attached to a prescription bottle for four times the dosage prescribed by the doctor.  It was undisputed that the two-year statute of limitations for professional malpractice under §95.11(4)(a) had expired.  However, the plaintiffs argued that because they chose to sue the corporate pharmacy, rather than its pharmacist, and to structure their cause of action based on strict liability arising out of a sale of a defectively labeled product, rather than an action for professional malpractice, the four-year statute of limitations for product liability applied.  The Court disagreed and held that the action was barred by §95.11(4)(a), Fla.Stat. *Sheils*, 560 So.2d at 363.

In reaching its conclusion, the Court initially considered the first rule of statutory construction (ie. whether Florida favors a strict or liberal construction of statutes of limitation), and noted that when a liberal construction is favored, the shorter limitations period is usually held to be applicable. The Court determined that Florida has generally been recognized to favor liberality in its construction of statutes of limitation, such statutes being considered remedial in nature. The Court then cited *Lucom v. Atlantic National Bank of West Palm Beach, Florida*, 354 F.2d 51,

54 (5th Cir. 1965), cert. denied, 385 U.S. 898 (1966), wherein the court, in offering its interpretation of several Florida Supreme Court cases, specifically stated that "***Florida cases hold that when two statutes limit the time in which an action may be brought, both apply and the dilatory litigant is caught by whichever runs first***". *Id.* (emphasis added).

After engaging in the above-described analysis, the *Sheils* Court decided that it did not need to rely solely on a strict versus liberal construction argument, since the second rule of statutory construction also favored the application of the two-year professional malpractice statute. Specifically, the Court stated the rule that "***where a general law that applies to numerous classes of cases conflicts with the law that applies only to a particular class, the latter, or more specific law, generally controls even when, in regard to statutes of limitations, the general provision provides for a longer period than the more specific provision***." *Id.*, citing 54 C.J.S. *Limitations of Actions* §6(a) (1987) (emphasis added).  The Court also cited the case of *Dubin v. Dow Corning Corp.*, 478 So.2d 71 (Fla. 2d DCA 1985) for the proposition that a special statute of limitations which addresses itself to specific matters takes precedence over a more general statute of limitations even though the specific statute provides for a shorter period of limitations. *Id.*  Florida federal courts have similarly applied this analysis to cases involving a breach of duty imposed upon real estate professionals.  Both *Carr* and *Wallace* further establish that, under Florida law, when the gravamen of the claims being asserted are based upon professional duties, the two-year professional negligence statute of limitations applies regardless if it is determined that they may also fall under other general and longer statute of limitations periods. *Carrington Capital Mgt., LLC v. Carr*, 2:15-CV-14191H, 2015 WL 6865750 (S.D. Fla. Nov. 9, 2015) See also, *Car-*

*rington Capital Mgt., LLC v. Wallace,* 8:15-CV-1406, 2016 WL 6778883 (M.D. Fla. Nov. 16,

2016)

      In the instant case, the two-year statute of limitations contained in §95.11(4)(a), Fla.Stat.

applies to a much more limited group of claims than the four-year statute contained in §95.11(3)

(p).  §95.11(4)(a) applies only to claims for professional malpractice by persons in privity with

the professional, whereas §95.11(3)(p) applies to all claims not otherwise specifically addressed

by the statute of limitations.  Thus, under the rules of construction set forth in *Sheils,* the two-

year statute of limitations clearly applies in this action.

      Another case which considered the application of seemingly contradictory statutes of lim-

itation is *Suntrust Banks of Florida, Inc. v. Don Wood, Inc.*, 693 So.2d 99 (Fla. 5th DCA 1997).

*Wood* involved an action by a bank against a contractor in connection with a leaking fuel storage

tank system.  The plaintiff bank argued that the five-year statute of limitations under §95.11(2)

(b), Fla.Stat. for legal or equitable actions on a contract, obligation, or liability founded on a

written instrument applied to the case, whereas the defendant contractor argued that the four-year

statute of limitations under §95.11(3)(c), Fla.Stat. for actions founded on the design, planning or

construction of an improvement to real property should be applied.  The Court agreed with the

defendant and held the shorter four-year statute applicable. *Wood*, 693 at 101.

      In reaching its conclusion, the Court first stated the rule of statutory construction that

when two statutes are ostensibly in conflict, the more specific statute controls.  The Court went

on to state that "[t]his general rule applies to the construction of statutes of limitation even when

the more specific statute provides for a shorter limitation period." *Id*.  Applying this rule to the

facts of the case, the Court determined that §95.11(3)(c) was certainly more specific than §95.11(2)(b) since it was narrowly directed to lawsuits relating to the improvement of real property, whereas §95.11(2)(b) was directed to all actions premised on a written contract regardless of the subject matter addressed in the contract. *Id.*

Again, as discussed above, §95.11(4)(a) is certainly more specific than §95.11(3)(p), which applies to all claims not otherwise specifically addressed by the statute of limitations. Accordingly, *Wood* supports the application of the two-year statute of limitations for professional malpractice in this action.

**c.  Plaintiff's conclusory allegations as to their lack of privity with Defendants CAROL DUDLEY, RICK SICILIA and BALISTRERI REALTY, INC. are improper and cannot be relied upon.**

A plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544-55 (2007). Further, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). In evaluating the sufficiency of a complaint, a court should eliminate all allegations that are merely legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007) "Privity denotes a legal conclusion rather than a judgmental process." *South-*

*west Airlines Co. v. Tex.  Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977).  When a plaintiff relies upon a conclusory claim to establish a necessary element, the plaintiff fails to state a claim and it is subject to dismissal. *McGee v. JP Morgan Chase Bank, NA*, et al., No. 8:11-cv-01099-JDW-TGW (11th Cir., May 29, 2013).

In a blatant attempt to avoid the two (2) year statute of limitations set forth in §95.11(4)(a), Fla. Stat., Plaintiffs allege that they are not in privity with Defendants CAROL DUDLEY, RICK SICILIA and BALISTRERI REALTY, INC. (SAC ¶12).  This allegation is not only a bare legal conclusion which contains no factual allegations in support thereof, but it is also directly contrary to the remaining allegations of the Second Amended Complaint.[7]  Plaintiffs expressly allege throughout the Second Amended Complaint that they were directly represented by Defendants CAROL DUDLEY and BALISTRERI REALTY, INC. in the subject transaction (see SAC ¶6, 43); in fact, this alleged brokerage representation expressly forms the basis of the Plaintiffs' claims against said Defendants.  Without such brokerage representation the Defendants would not owe any duties to Plaintiffs as alleged in the Second Amended Complaint. As such, Plaintiffs have alleged that they were in a professional transactional broker relationship with said Defendants and had a direct professional relationship with them, and cannot separately deny that they were in privity with said Defendants solely to avoid being time-barred by the statute of limitations provisions of §95.11(4)(a), Fla. Stat.

In addition to these factual allegations (as opposed to the conclusory allegation in ¶12),

---

[7] In the Second Amended Complaint, Plaintiffs expand upon their allegations that there is no privity between the parties, however, the additional language is not based in fact, but rather just legal argument which is more appropriate for a memorandum in opposition.

15

Exhibit A to Plaintiffs' Second Amended Complaint clearly also establishes privity between Plaintiffs and Defendants CAROL DUDLEY and BALISTRERI REALTY, INC.  In Exhibit A of the Second Amended Complaint, CAROL DUDLEY was identified as the cooperating agent for Plaintiffs and BALISTRERI REALTY, INC. was identified as the cooperating Broker for Plaintiffs.[8]  Even if the Court were somewhat inclined to accept as true Plaintiffs' conclusory allegation that there was no privity, that allegation conflicts with Exhibit A attached to the Second Amended Complaint, and the exhibit prevails. *International Star Registry of Illinois v. Omnipoint Marketing, LLC*, 510 F.Supp.2d 1015, 1022 (S.D. Fla. 2007).

<u>**WAIVER AND RELEASE OF CLAIMS IN CONTRACT**</u>

In the alternative, even if the Court determines that it is not clear on the face of the Second Amended Complaint that the claims against CAROL DUDLEY, BALISTRERI REALTY, INC. and RICK SICILIA as an employee of BALISTRERI REALTY, INC., are not barred by the statute of limitations, Plaintiffs expressly agreed in the purchase contract not to rely upon the Broker[9] for verification of facts that materially affect the property value. (See SAC, Exhibit A.) Once again, when there is a conflict between the allegations and a document attached to a complaint, the document prevails. *Id*. Therefore, the language set forth in Exhibit A regarding Broker liability clearly establish that Plaintiffs affirmatively agreed to rely upon the Seller and not the Broker for verification of facts that materially affect property value.  Again, despite the Plaintiffs

---

[8] Plaintiffs have specifically alleged that Defendant, RICK SICILIA, was employed by BALISTRERI REALTY, INC. and was working within the course and scope of his employment with regard to the claims made against him. Paragraph 14 of Exhibit A of the Second Amended Complaint is identified/titled "PROFESSIONAL ADVICE; **BROKER LIABILITY**".  (Emphasis added.)  Moreover, Paragraph 14 [1] specifically outlines the duties of the brokers, including obligations under 475, Fla. Stat.; and [2] states that the **Broker will be treated as a party to this contract**.

[9] The term "Broker" is specifically defined to include both the cooperating and listing brokers in Exhibit A.

alleging a conclusion otherwise, the basis of Plaintiffs' claims is that the value of the property they purchased is diminished due to the rules they allege restrict their right to use the property as they wish.  This clearly falls within the language set forth in the broker liability clause of Exhibit A and, as such, they have no basis upon which to make a claim as against Defendants CAROL DUDLEY, BALISTERI REALTY, INC. and RICK SICILIA, as an employee of BALISTRERI REALTY, INC.

## **CONCLUSION**

Plaintiffs allege that CAROL DUDLEY, BALISTRERI REALTY, INC. and RICK SI-CILIA, as an employee of BALISTRERI REALTY, INC., represented them in the subject real estate transaction, owed them a duty to exercise skill, care and diligence pursuant to the professional standards set forth in Chapter 475, Fla. Stat., breached said duty by failing to discover and convey HOA rules that restricted short term/vacation rentals and, as a result of the breach of duty, caused Plaintiffs to incur substantial damages.  As alleged, the Second Amended Complaint is explicitly based upon a breach of professional duties and thus is an action for professional malpractice within the meaning of §95.11(4)(a), Fla.Stat.  The clear and unambiguous language of §95.11(4)(a), §475.01(j) and §475.01(a) and relevant case law cited herein mandates the application of the two-year statute of limitations set forth in §95.11(4)(a).  Simply put, assuming the allegations of the Second Amended Complaint as true for purposes of this motion, but for the professional malpractice of Defendants, CAROL DUDLEY, BALISTRERI REALTY and RICK SICILIA as an employee of BALISTRERI REALTY, INC., Plaintiffs would not have a cause of action under any theory.  The Second Amended Complaint is clear on its face that Plaintiffs dis-

covered the alleged error giving rise to the cause of action in August or September, 2015, more than two years before this action was filed.    Therefore, based on the foregoing, this action as against CAROL DUDLEY, RICK SICILIA and BALISTRERI REALTY, INC. is barred by the statute of limitations.   Without relying upon the professional duties imposed upon Defendants under Chapter 475, Florida Statutes, Plaintiffs have failed to alleged any other legally recognized duty upon which to base their claims or waived any responsibility upon which a duty is created under Paragraph 14 of Exhibit A attached to the Second Amended Complaint.  Therefore, based upon the foregoing, Defendants respectfully request that Counts II, III, IV, V, VI, VII and VIII of the Second Amended Complaint be dismissed with prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 17, 2018, I electronically filed the foregoing through the CMF/ECF system which serves a copy of same on all attorneys of record.

/s/ Melissa H. Powers
MELISSA H. POWERS, ESQUIRE
Powers Law Firm, P.A.
P.O. Box 560822
Rockledge, Florida 32956
Phone: (321) 750-9008
melissa@legalhelpforkids.com
Florida Bar No. 0132284

Attorney for Defendants, CAROL DUD-
LEY, RICK SICILIA and BALISTRERI
REALTY, INC.